IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JONES | § | |
| | § | |
| v. | § | C.A. NO. C-07-067 |
| | § | |
| F.C.I. THREE RIVERS | § | |
| WARDEN JOSLIN | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A DEFAULT JUDGMENT**

Petitioner is a federal inmate who is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. (D.E. 1, 10-4). Pending is petitioner's motion requesting default on behalf of the government. (D.E. 26). For the reasons stated herein, it is respectfully recommended that his motion be denied.

## I. BACKGROUND

On February 2, 1995, petitioner was found guilty of narcotics and firearm charges in the United States District Court for the Eastern District of Michigan. (D.E. 1, at 2); (D.E. 10-4, at 2). He received a sentence of thirty years. (D.E. 1, at 2). He asserts that his sentence is illegal because the machine-gun related offense was not separately charged in his indictment, nor presented to the grand jury. (D.E. 10-4, at 3).

## II.  DISCUSSION

In his motion for a default judgment, petitioner argues that he has served fourteen years and that his proper sentence should be only fifteen years.  (D.E. 26, at 1).  He asserts that his "sentence has been served [as] he as completed 14 of a 15 year sentence he should have received which by B.O.P. good time credit is over the 180 months he should have received by law."  Id. at 2.  He further requests "that his release be executed as soon as possible pursuant to Local Rule 7.4 due to failure to respond by the Government in this matter for which this is taken as a representation of no opposition."  Id. at 1.

Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief.  See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the prisoner to default judgment.").  The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order.  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

Here, petitioner has not established that default judgment is warranted. When the United States and its agencies or officers are a party, it has sixty days to respond to a petition. Fed. R. Civ. P. 12(a)(3). The United States Attorney was served with the petition on March 13, 2007. The answer would have been due on May 14, 2007. See Fed. R. Civ. P. 6(a). On May 14, 2007, respondent filed a motion for an extension of time, indicating that an answer and a motion to dismiss were being prepared. (D.E. 24). Respondent sought an additional fourteen days. Id. at 2. An extension was granted so that respondent's answer and motion to dismiss are due by May 28, 2007. (D.E. 25).

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion requesting default on behalf of the government, (D.E. 26), be denied.

Respectfully submitted this 18th day of May 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13 of the United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).