IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JONES,　　　　　　　§ | | |
| 　　Petitioner,　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　§ | | |
| v.　　　　　　　　　　　　　　§ | | C.A. NO. C-07-67 |
| 　　　　　　　　　　　　　　　§ | | |
| WARDEN DAN JOSLIN,　　　§ | | |
| 　　Respondent.　　　　　　　§ | | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, on February 5, 2007. On May 25, 2007, respondent moved to dismiss his petition because the elements of res judicata and collateral estoppel have been met. (D.E. 31). It is respectfully recommended that respondent's motion be denied. It is further respectfully recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction.

**I. BACKGROUND**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court following an expansive history of filing habeas petitions

and other motions to challenge his conviction in federal district courts in both the Sixth Circuit and Seventh Circuit. In February 1995, a jury found him guilty of four of the five counts with which he was charged: "Count One, conspiracy to possess with intent to distribute cocaine and cocaine base; Count Three, distribution of cocaine and aiding and abetting; Count Four, attempt to possess with intent to distribute cocaine and aiding and abetting; and Count Five, use and carrying firearms during and in relation to a drug trafficking crime and aiding and abetting." Jones v. United States, 214 F. Supp.2d 780, 781 (E.D. Mich. 2002). On May 25, 1995, he was sentenced to concurrent terms of 120 months each for Counts One, Three, and Four, as well as a consecutive term of 360 months for Count Five. Id. In 1996, the Sixth Circuit affirmed his conviction and sentence. United States v. Jones, 102 F.3d 804, 810 (6th Cir. 1996). Through 2002, he subsequently filed four motions pursuant to 28 U.S.C. § 2255, three motions requesting a new trial, two motions requesting his sentence be corrected, and a multitude of other motions that were denied. Jones, 214 F. Supp.2d at 781.

Since 2002, petitioner has continued to challenge his sentence. In May 2006, the United States District Court for the Eastern District of Michigan addressed petitioner's repeated filings and stated:

> [T]his court should not even reach the merits of

2

> Petitioner's instant motions.  On October 22, 2002, the
> Sixth Circuit issued an Order prohibiting Petitioner from
> filing **"ANY"** document with the Sixth Circuit or the
> district court challenging his conviction unless: 1) he has
> a claim that relies on a new rule of constitutional law
> made retroactive by the Supreme Court on collateral
> review; or 2) a factual predicate that could not have been
> previously discovered through due diligence which
> would establish by clear and convincing evidence that no
> fact finder would have found Petitioner guilty.

Jones v. United States, No. 93-81138, 2006 WL 1722201, at *2 (E.D. Mich. May 2, 2006) (emphasis in original).[1]  Despite the Sixth Circuit's 2002 Order severely restricting him from filing any document challenging his conviction, petitioner filed no less than fifteen more separate documents by the end of 2002, six in 2003, nine in 2004, one in 2005, and eleven in 2006 before the May 2, 2006 memorandum opinion was issued by the court.  (D.E. 31, App. at 15-19).

---

[1] The Southern District of Illinois has also barred petitioner from any collateral attacks on this conviction:

> Petitioner has been told repeatedly by this Court that Section 2241
> is unavailable to him to attack his sentence, yet he continues to
> attempt to do so.  Accordingly, the Court finds that Petitioner's
> repeated attempts to attack his sentence through petitions for
> habeas corpus have reached the level of abusive litigation.  Fed. R.
> Civ. P. 11....  This Court now warns him: ANY FURTHER
> EFFORT BY PHILLIP JONES, B.O.P. # 18419-039, TO BEGIN
> A COLLATERAL ATTACK WITHIN THIS DISTRICT ON HIS
> CONVICTION FROM THE EASTERN DISTRICT OF
> MICHIGAN WILL LEAD TO SANCTIONS.

Jones v. Revell, No. 05-426-MJR, 2005 WL 1460298, at *3 (S.D. Ill. June 21, 2005) (unpublished).

3

In the petition for writ of habeas corpus and petitioner's motions currently before this Court, petitioner raises claims that have been previously litigated during his continual quest to have his conviction overturned. Thus far, he has filed the following:

(1) Petition for writ of habeas corpus, (D.E. 1);

(2) Motion for Transfer to the Michigan Department of Corrections, (D.E. 6);

(3) Motion to have the count and charge added to a properly corrected indictment, (D.E. 8);

(4) Letter motion elaborating claims, (D.E. 9);

(5) Petition for writ of habeas corpus form, (D.E. 10);

(6) Supplemental motion to petition for writ of habeas corpus, (D.E. 15), which was stricken from the record;

(7) Supplemental motion regarding 924(c), (D.E. 20);

(8) Letter from his son, (D.E. 21);

(9) Evidence supporting arguments, (D.E. 23);

(10) Motion requesting default on behalf of the government, (D.E. 26);

(11) Motion requesting that motion under default be granted, (D.E. 28), which was stricken from the record;

(12) Petitioner's Answer, (D.E. 34); and

(13) Letter regarding illegally amended indictment, (D.E. 35).

Petitioner raises the following claims in his petition for habeas relief and the motions that he has submitted:

(1) He claims that Castillo v. United States, 530 U.S. 120 (2000), entitles him to relief because the thirty-year sentence for use and carrying of a firearm is illegal, see, e.g., (D.E. 6, at 1); (D.E. 8, at 1); (D.E. 23, at 3); (D.E. 34, at 4);

(2) He claims that 28 U.S.C. § 2255 is inadequate and therefore he is entitled to relief pursuant to 28 U.S.C. § 2241, see, e.g., (D.E. 10-4, at 3);

(3) He claims that his conviction pursuant to 18 U.S.C. § 924(c) is illegal, see e.g., (D.E. 10-4, at 3); (D.E. 34, at 6);

(4) He claims his conviction is invalid due to a defective indictment because each firearm was not charged separately in the indictment, see e.g., (D.E. 9, at 1); (D.E. 23, at 1, 3); (D.E. 34, at 1).

Petitioner's first claim, that Castillo entitles him to relief because the thirty-year sentence for use and carrying of a firearm is illegal, has been addressed previously. On August 28, 2002, in Jones v. Gilkey, No. 02-030-DRH, slip op.,

5

the United States District Court for the Southern District of Illinois dismissed one

of petitioner's habeas petitions, and the Order dismissing his petition stated:

> *Castillo* holds that because the particular type of weapon used increases the maximum sentence, it is an element of the crime and must be proven beyond a reasonable doubt before the trier of fact, and not by merely a preponderance of the evidence before a judge at sentencing. *Castillo*, 530 U.S. at 131. Thus, petitioner argues that his use of a machine gun should have been charged in the indictment, and such a finding should have been made by the jury, beyond a reasonable doubt. In this case, that is exactly what happened.... Therefore, it is clear that *Castillo's* requirements were fully satisfied in Jones's case; thus his arguments are unavailing.

(D.E. 31, App. at 67).

Petitioner claims that he is entitled to federal habeas relief pursuant to 28 U.S.C. § 2241 because § 2255 has proven inadequate or ineffective. In <u>Jones v. Gilkey</u>, the Southern District of Illinois also addressed this contention, explaining that:

> Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention, as he previously filed a motion under Section 2255 in the Eastern District of Michigan, which was denied; that denial was affirmed on appeal. *See Jones v. United States*, 194 F.3d 1312 (6th Cir. 1999). [Footnote: "It appears that Petitioner actually has filed four separate motions under Section 2255. *See Jones v. United States*, – F. Supp.2d –, 2002 WL 1836276 (E.D. Mich., order

6

> dated June 27, 2002)."] However, the fact that Petitioner may be barred from bringing a successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

(D.E. 31, App. at 65-66); see also id. at 76 (Jones v. Gilkey, No. 03-118-MJR, slip op. (S.D. Ill. Feb. 27, 2003)) (same); (D.E. 31, App. at 98-99) (Jones v. Veltri, No. 04-120-JLF, slip op. (S.D. Ill. Apr. 7, 2004)) (same); Jones v. Revell, 2005 WL 1460298, at *2 (same).

Third, petitioner claims that his conviction pursuant to 18 U.S.C. § 924(c) is illegal. The Sixth Circuit has upheld his conviction pursuant to § 924(c). Jones, 102 F.3d at 809. That court determined that "Jones's argument lacks merit." Id.

Finally, petitioner claims that his conviction is invalid due to a defective indictment because each firearm was not charged separately in the indictment. This claim has also been denied previously. Before addressing his claims a final time, the United States District Court for the Eastern District of Michigan determined that:

> Petitioner has failed to state how his present motions satisfy [the criteria set forth in the Sixth Circuit's Order

7

> prohibiting him from filing additional claims]. Petitioner has neither cited a relevant new rule of constitutional law that would affect the outcome of his case, nor has he set forth a factual predicate which could not have been previously discovered through due diligence and which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty. He has filed countless motions since his original conviction citing many of the arguments he currently presents. Petitioner makes the same arguments under the guise that these arguments are completely novel. They are not. However, this Court will address Petitioner's present arguments in a final effort to establish for Petitioner why his original sentence is correct and must stand.

Jones, 2006 WL 1722201, at *2. The court then addressed petitioner's claim that each firearm should have been charged separately in the indictment and found that he was properly sentenced. Id. at 4.

## II. JURISDICTION

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated at the Three Rivers Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). Therefore, jurisdiction over the parties is proper in this Court.

8

## III.  DISCUSSION

A.  **Motion to Dismiss Standard of Review.**

In order to be entitled to habeas relief, petitioner must show his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States.  United States v. Hayman, 342 U.S. 205, 211 (1952).  "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.     Petitioner Is Not Entitled to Federal Habeas Relief.**

Respondent moves for summary judgment on the grounds that petitioner's claims are precluded by principles of res judicata and collateral estoppel. (D.E. 31, at 11-14).

**1.     Res Judicata.**

The Fifth Circuit has held that in order for res judicata to apply, a four-part test must be met: "(1) the parties must either be 'identical or in privity; (2) the judgment in the prior action [must have been] rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action [must have been] involved in both actions.'" United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007) (citation omitted). While it is clear that the same claims petitioner raises in the

instant action have been repeatedly litigated and denied on the merits, it is a well established principle that "[r]es judicata principles do not apply in habeas corpus proceedings." Daniels v. Blackburn, 763 F.2d 705, 706 (5th Cir. 1985) (per curiam) (affirming dismissal of habeas petition as abuse of the writ as opposed to res judicata) (citation omitted); see also Sanders v. United States, 373 U.S. 1, 8 (1963) ("denial by court or judge of an application for habeas corpus was not res judicata"); Taylor v. United States, 505 F.2d 955, 956 (5th Cir. 1975) (per curiam) ("traditional notions of res judicata do not apply in habeas corpus or § 2255 proceedings").

Thus, to the extent respondent moves to dismiss petitioner's petition on grounds of res judicata, it is respectfully recommended that respondent's motion must be denied.

### 2. Collateral Estoppel.

The Fifth Circuit has held that "for a prior judgment to have preclusive effect as to a particular issue, the doctrine of collateral estoppel requires that: (1) the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." Meza v. General Battery Corp., 908

F.2d 1262, 1273 (5th Cir. 1990) (citations omitted); accord Society of Separationists, Inc. v. Herman, 939 F.2d 1207, 1213 (5th Cir. 1991) (quoting Meza).  While it is clear that the issues petitioner brings before this Court in the instant action are identical to those that have been litigated extensively in prior litigation and determined on the merits, it is not clear that principles of collateral estoppel are applicable to habeas proceedings.

      The Fifth Circuit has explained that "the doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings."  Hardwick v. Doolittle, 558 F.2d 292, 295 (5th Cir. 1977); see also Rehbein v. Clarke, 94 F.3d 478, 481 (8th Cir. 1996) ("As the United States Supreme Court has often noted, ordinary principles of res judicata and collateral estoppel do not strictly apply in the federal habeas context.") (citing Sanders, 373 U.S. at 7-8); Johnson v. Lumpkin, 769 F.2d 630, 636 n.16 (9th Cir. 1985) (collateral estoppel does not apply to habeas proceedings).  The Fifth Circuit has addressed the relationship between the doctrines of collateral estoppel and res judicata, explaining that "[t]he term 'res judicata' is often used to describe [these] two discrete preclusive doctrines."  Davenport, 484 F.3d at 326 (citation omitted).  While the two doctrines are discrete, the Fifth Circuit has noted that they are linked.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

Respondent does not cite to any cases that would suggest collateral estoppel applies in habeas corpus proceedings in the Fifth Circuit. Rather, respondent's argument is based on an unpublished district court opinion from the Northern District of Mississippi, Mock v. Epps, 2006 WL 1050534 (N.D. Miss. Apr. 20, 2006) (unpublished), which addresses a prisoner's claims brought under 42 U.S.C. § 1983, not a habeas corpus petition. (D.E. 31, at 12).

It is respectfully recommended that to the extent respondent moves to dismiss petitioner's petition for writ of habeas corpus on the grounds of collateral estoppel, respondent's motion should be denied.

**C.     This Court Lacks Jurisdiction to Address Petitioner's Claims.**

**1.     The Interplay of § 2255 and § 2241.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence. Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a

>prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective. [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (emphases in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus, a § 2241 petition, which attacks errors that occurred at trial or sentencing, must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence.  Pack, 218 F.3d at 452.  There is an exception to this rule, however, as discussed in Tolliver.  Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255.  Tolliver, 211 F.3d at 878.

The savings clause of § 2255 provides that:

>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

14

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial, or sentencing in a petition filed pursuant to § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that "the remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis in original) (citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder, 222 F.3d at 214). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under AEDPA. Pack, 218 F.3d 452-53 (citations omitted). Similarly, the procedural

barrier or a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

### 2. The Savings Clause of § 2255 is Inapplicable to Petitioner's Claims.

Petitioner contends that he is entitled to relief pursuant to § 2241 because § 2255 is inadequate or ineffective. However, as previously noted by the Southern District of Illinois in Jones v. Gilkey during the proceedings for one of petitioner's many other habeas attempts, his § 2241 petition had to be dismissed. See, e.g., (D.E. 31, App. at 65-67). Petitioner has presented no new facts which would entitle him to pursue § 2241 relief. Thus, it is respectfully recommended that the savings clause of § 2255 is inapplicable to petitioner's claims and that the Court find he is not entitled to proceed under the savings clause.

### 3. Federal Court Jurisdiction Pursuant to § 2255 Motion.

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for the court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Thus, it is respectfully recommended that petitioner's motion is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Court must determine whether jurisdiction properly lies in this Court. Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Pursuant to § 2255, motions must be filed in the court where the sentence or conviction being challenged was imposed. See Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987). Because petitioner is challenging a sentence imposed by the Eastern District of Michigan, any § 2255 motion should be filed there.[2]

Accordingly, it is respectfully recommended that if petitioner's application

---

[2] It is respectfully recommended, however, that construed as a § 2255 motion, petitioner's motion is likely a "second or successive" motion. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised in an earlier petition</u>; or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (citation omitted). Petitioner is required to seek and acquire the approval of the Sixth Circuit before filing a second or successive § 2255 motion. See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

is construed as a § 2255 motion, the Court find that jurisdiction over petitioner's § 2241 petition is not proper in this district, and that his claims should be dismissed for want of jurisdiction.

## IV. RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that respondent's motion to dismiss, (D.E. 31), be denied. It is further respectfully recommended that petitioner's habeas petition for relief pursuant to 28 U.S.C. § 2241 be dismissed for want of jurisdiction, and that his remaining motions that are before this Court, (D.E. 8, 9, 20), be denied. Finally, it is respectfully recommended that petitioner be barred from filing any additional collateral attacks on his conviction from the Eastern District of Michigan and warned any new filings will result in sanctions.

Respectfully submitted this 26th day of June 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).